UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARY K. MCCOY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>TROY STEELE, )<br>)<br>Respondent. ) | Case No. 4:17CV1975 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Dary K. McCoy's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1). Because this Court has determined that McCoy's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which his claims are based, this Court decides this matter without an evidentiary hearing.[1]

## BACKGROUND

A jury convicted Petitioner Dary K. McCoy of forcible sodomy, forcible rape, robbery in the first degree, and three counts of armed criminal action. On March 22, 2013, the Circuit Court of St. Louis County sentenced McCoy to life imprisonment. McCoy is incarcerated at the Eastern

---

[1] "A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. U.S.*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. U.S.*, 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a §2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

Reception, Diagnostic, and Correctional Center ("ERDCC") in Bonne Terre, Missouri. Respondent Troy Steele is the Warden of ERDCC.

McCoy raises four grounds for relief: 1) trial counsel was ineffective for failing to hire a DNA expert; 2) trial counsel was ineffective for failing to object to the admission of DNA evidence; 3) trial counsel was ineffective for failing to object to the victim's in-court identification of McCoy; and 4) that trial counsel was ineffective for failing to file a motion to suppress a holster, which had been admitted as evidence.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d). "'A state court's decision is contrary to clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court,"

refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that §2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). "A State court unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. §2254(e)(1)).

## DISCUSSION

### I.    Statute of Limitations

The Circuit Court of St. Louis County sentenced McCoy on March 22, 2013. McCoy timely filed a notice of appeal, and the Missouri Court of Appeals affirmed his conviction on April 8, 2014. (Respondent's Ex. C, ECF No. 10-2). McCoy did not seek rehearing or transfer to the Missouri Supreme Court. McCoy's statute of limitations period began on April 23, 2014, fifteen days after his conviction was affirmed. Mo. Sup. Ct. R. 83.02 (application for transfer to the Missouri Supreme Court "shall be filed within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

McCoy filed a pro se motion for post-conviction relief under Missouri Supreme Court Rule 29.15, which tolled the statute of limitations. (Respondent's Ex. H, ECF No. 13-2, at 6). The 29.15 court appointed counsel, who filed an amended motion. McCoy's 29.15 motion was denied. McCoy appealed the denial of his 29.15 motion and the denial was affirmed by the Missouri Court

of Appeals on June 21, 2016. (Respondent's Ex. F, ECF No. 10-4). The Missouri Court of Appeals issued its mandate on July 13, 2016. (Respondent's Ex. G, ECF No. 10-5). McCoy filed his section 2254 habeas petition with this Court on July 14, 2017. (ECF No. 1).

From when McCoy's conviction became final and when he filed his motion for post-conviction relief, ninety-one days passed. In addition, 366 days passed between the issuance of the mandate in McCoy's post-conviction relief proceedings and when he filed his federal habeas petition. Excluding the time when the statute of limitations was tolled during McCoy's post-conviction relief and the state habeas proceedings, McCoy's motion for federal habeas relief has been filed 457 days after conclusion of direct review. Therefore, McCoy's habeas petition is untimely under 28 U.S.C. §2244(d)(1).[2] The Court dismisses this action as untimely.

## II. Procedural Bar

The Supreme Court has held that "the independent and adequate state ground doctrine ... applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*,

---

[2] 28 U.S.C. §2244(d)(1) provides:
A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

501 U.S. 722, 729-30 (1991). "A person who has suffered criminal conviction is bound to raise all challenges thereto timely and in accordance with the procedures established for that purpose." *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. 1993). Otherwise, the courts would devolve into "review unlimited in time, scope, and expense." *Id.* "Missouri courts consistently hold that the time limits in Rule 29.15(g) are valid and mandatory." *Oglesby v. Bowersox*, 592 F.3d 922, 925 (8th Cir. 2010) (citing *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989); *Rutherford v. State*, 192 S.W.3d 746, 748 (Mo.App.2006); *Norville v. State*, 83 S.W.3d 112, 114 & n. 1 (Mo.App.2002)); *see also Francis v. Miller*, 557 F.3d 894, 899 (8th Cir. 2009) (stating Rule 29.15 is a "firmly established and regularly followed" state procedural rule that provides "substantive, well-established procedures that movants are required to follow in order to have their claims considered post-trial.").

McCoy's second, third, and fourth grounds for relief are procedurally barred from review because he did not raise them in state court. McCoy never raised his second, third, or fourth grounds for relief on direct appeal or in his post-conviction relief motion. The second, third, and fourth claims for relief, therefore, are procedurally defaulted. McCoy has not alleged cause and prejudice or actual innocence to excuse this default, and the record does not demonstrate any reason to excuse McCoy's procedural default. Because McCoy is unable to overcome his procedural default of these claims, the Court denies McCoy's second, third, and fourth grounds for relief on this basis.

### III. Merits

Finally, even if his claims were not barred by the statute of limitations or by a procedural bar, McCoy's claims fail on their merits. All four of McCoy's claims are for ineffective assistance of counsel. McCoy's ineffective assistance of counsel claims are governed by the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d) and the standards set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), which require that a defendant alleging a violation of the Sixth Amendment right to counsel must show both that counsel's performance was deficient and that the deficiency prejudiced the defendant. Prejudice exists under *Strickland* if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. As previously discussed, under AEDPA, if a *Strickland* claim is adjudicated on the merits in state court proceedings, and there is no challenge to the factual determinations of the state courts, then a federal court may grant relief only if a state court's decision is contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

In his first ground for relief, McCoy contends trial counsel was ineffective for failing to hire a DNA expert. McCoy raised this claim during his post-conviction relief proceeding and the Missouri Court of Appeals denied it on the merits. (Respondent's Ex. F, ECF No. 10-4, at 6-8). The Missouri Court of Appeals' decision is entitled to deference by this Court. *Williams v. Roper*, 695 F. 3d 825, 831 (8th Cir. 2012); 28 U.S.C. §2254(d). Under the AEDPA, where a petitioner's claims have been "adjudicated on the merits in State court proceedings," the federal court may grant relief only where the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d); *Boss v. Ludwick*, 760 F.3d 805, 809–10 (8th Cir. 2014). The district court must "presume that the state court's factual findings are correct—a presumption the petitioner must rebut with 'clear and convincing evidence.'" *Boss*, 760 F.3d at, 810 (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Lee v. Gammon,* 222 F.3d 441, 442 (8th Cir. 2000) ("a federal court ...

˘6˘

presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence.").

As to ground one, the Missouri Court of Appeals concluded that trial counsel was not ineffective. The Missouri Court of Appeals found that trial counsel effectively cross-examined the State's DNA expert. (Respondent's Ex. F, ECF No. 10-4, at 7). McCoy's trial counsel cross-examined the State's DNA expert, who admitted that the DNA did not conclusively link McCoy to the crime. *Id.* The Missouri Court of Appeals noted that, under federal law, cross-examination can be "sufficient to expose defects in an expert's presentation." (Respondent's Ex. F, ECF No. 10-4, at 7 (citing *Harrington v. Richter*, 562 U.S. 86, 111 (2011)). The Missouri Court of Appeals noted that, in addition to cross-examining the State's DNA expert, trial counsel called a DNA expert from the Missouri Highway Patrol to testify in support of McCoy. (Respondent's Ex. F, ECF No. 10-4, at 7-8). The Court finds no basis for discounting the state court's findings and denies McCoy's first ground for relief.

McCoy's second ground for relief is that trial counsel was ineffective for failing to object to the admission of the DNA evidence. McCoy contends that trial counsel should have objected "on the ground of confusing the jury" and because the probative value of the evidence was outweighed by its prejudicial effect. (ECF No. 1 at 17). With limited exceptions, "admissibility of evidence at a state trial is a matter of state law and ordinarily will not form the basis for federal habeas relief[.]" *Clark v. Groose*, 16 F.3d 960, 963 (8th Cir. 1994). "Thus, on habeas review of a state conviction, a federal court does not examine whether evidence was properly admitted under state law." *Estelle v. McGuire,* 502 U.S. 62 (1991) (citing *Tokar v. Bowersox*, 1 F. Supp. 2d 986, 1004 (E.D. Mo. 1998), *aff'd*, 198 F.3d 1039 (8th Cir. 1999)). Rather, review is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* A federal court will reverse a state court evidentiary ruling "only if it 'infringes upon a specific constitutional

˘7˘

right or is so grossly or conspicuously prejudicial that it fatally infected the trial and denied the defendant the fundamental fairness that is the essence of due process.'" *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir.1992) (quoting *Berrisford v. Wood*, 826 F.2d 747, 749 (8th Cir.1987), *cert. denied*, 484 U.S. 1016, 108 S.Ct. 722, 98 L.Ed.2d 671 (1988)). The record does not show that McCoy's constitutional rights were violated by the admission of DNA evidence. McCoy's second ground for relief is denied on the merits.

McCoy's third ground for relief is that trial counsel was ineffective for failing to object to the victim's in-court identification of McCoy. McCoy claims that the victim initially identified McCoy in a line-up but said she was "not sure" at the time. However, the victim stated at trial that she was "1000% sure" regarding McCoy's identity. (ECF No. 1 at 18). As previously discussed with respect to ground two, evidentiary determinations typically are not grounds for federal habeas relief unless a constitutional issue is raised or the ruling was grossly prejudicial. McCoy has not raised a constitutional issue in ground three and that claim fails on its merits. Moreover, McCoy's claim regarding the victim's testimony is insufficient for a habeas claim as he has not demonstrated gross prejudice. The record reflects that trial counsel cross-examined the victim regarding her alleged inconsistencies in identifying McCoy. (Respondent's Ex. I, ECF No. 13-3, at 250-51). As counsel raised and cross-examined the victim on this issue, the Court denies McCoy's third ground for relief on the merits.

Finally, McCoy contends that trial counsel was ineffective for failing to file a motion to suppress evidence that a holster was stolen from the victim's home. McCoy contends that the holster was "contaminated" by police. (ECF No. 1 at 19). McCoy, however, provides no facts to support such a motion to suppress. The Court denies McCoy's fourth ground on the merits.

Accordingly,

**IT IS HEREBY ORDERED** that Dary K. McCoy's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FINALLY ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

A judgment dismissing this case is filed herewith.

Dated this 25th day of September, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE